UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L. DAVIS,

    Plaintiff,

v.                                               Case No. 5:06-cv-186
                                                  HON. JANET T. NEFF

ELLEN WOOD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff Ronald L. Davis filed this prisoner 42 U.S.C. § 1983 action against Riverside Correctional Facility (RCF) law librarian Ellen Wood, RCF Resident Unit Manager Melinda K. Braman, RCF Assistant Resident Unit Manager D. Bonn, and RCF Mail Room Supervisor Kris Ham. Plaintiff alleges that he was denied access to the law library by defendant Ellen Wood. As a result, he asserts that he missed a deadline to respond to a motion for summary judgment. Plaintiff asserts that he needed a law library call-out because his summons and complaint was set to expire on June 15, 2006. Plaintiff characterizes the summons expiration as a court ordered deadline. Plaintiff alleges that defendant Wood did not place him on library call-out. Plaintiff filled out a flash-kite explaining the denial of law library time by defendant Wood. Plaintiff asserted that he had an impending June 15, 2006, deadline, but did not received a response to his flash-kite from the Warden's office. Plaintiff then filed a grievance against defendant Wood. Plaintiff asserts that defendant Wood blamed the denial of law library time on a computer error. However, plaintiff claims that he did not receive law library time until both defendants in his pending lawsuit were dismissed from the action. Plaintiff argues that because he was denied law library time he "had no

clue" what needed to be done to prevent his lawsuit from being dismissed. Plaintiff alleges that as a result he was deprived of 5.5 million dollars.

Plaintiff alleges that he spoke with defendant Bonn on June 5, 2006, showing him the court order denying plaintiff's motion for entry of default against defendant Sprint Telephone Corporation (Sprint). Plaintiff indicates that he failed to properly serve the defendant. Plaintiff had ten days left before his summons expired. Plaintiff asserts that he needed his summons and complaint mailed out by registered mail. Defendant Bonn allegedly told plaintiff that he did not know if prisoners could send legal mail by registered mail and that plaintiff should speak with defendant Braman about registered mail procedures. Plaintiff was informed that he could only send mail out of the prison as certified mail, because registered mail had to be hand delivered to the post office. Plaintiff claims that his default judgment motion was denied because his summons and complaint were sent by certified mail and not registered mail. Plaintiff alleges that defendant Bonn told him that it was alright to send his mail out registered. Defendant Bonn told plaintiff that he would personally make sure that everything was right. The next day defendant Bonn told plaintiff that he had mailed out plaintiff's summons and complaint by certified mail. Plaintiff has alleged violations of the First, Fifth, Eighth and Fourteenth Amendments. Plaintiff requests compensatory damages of 5.5 million dollars from each defendant, nominal and punitive damages, and declaratory and injunctive relief.

Presently before the Court is defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff is asserting that he was denied access to the law library and his request to send out a summons and complaint by registered mail as opposed to certified mail was refused. Plaintiff is essentially asserting a denial of his access to the courts under the First Amendment. Plaintiff has not, in the opinion of the undersigned, asserted any facts which could support a claim under the Fifth Amendment, Eighth Amendment or Fourteenth Amendment.

Plaintiff filed a lawsuit against Sprint and the MDOC for a general civil personal injury negligence action arising from a construction area incident. On June 21, 2006, Judge

Draganchuk from the Circuit Court for the County of Ingham dismissed Sprint as a defendant because of plaintiff's failure to serve defendant Sprint "with process within 91 days from the filing of the first complaint in the action nor has the said defendant filed any pleadings in the action within that period of time." Defendant Sprint was dismissed without prejudice. On plaintiff's motion to reconsider the denial of default judgment, the court explained that plaintiff failed to serve a private corporation in the manner provided by rule and that he could not serve a private corporation in the manner provided for individuals. Plaintiff's claim against the MDOC was dismissed by the court for lack of jurisdiction because the Court of Claims had exclusive jurisdiction over plaintiff's claims.

In the opinion of the undersigned, plaintiff's access to the courts claim clearly fails as a matter of law. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his

efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

It is clear that plaintiff's personal injury lawsuit was not a direct appeal, a habeas corpus action, or a civil rights claim. Accordingly, plaintiff did not have a right to access the courts to assert his general civil claim. Moreover, plaintiff cannot show actual injury. Plaintiff's claims were dismissed for lack of jurisdiction. Assuming that everything plaintiff asserts is true, plaintiff cannot show that either the failure to send his summons and complaint by registered mail, as opposed to certified mail, or his lack of law library time had anything to do with the dismissal of this action. The court dismissed defendant Sprint due to plaintiff's failure to properly serve process before the expiration of the summons. The court did not state that service by certified mail was defective. It appears that service, if properly made, is appropriate when accomplished by certified mail or

registered mail under Michigan law. MCR 2.105(K). It appears from the court ruling that the court was not aware that plaintiff attempted service by certified mail. Plaintiff has not presented a proof of service and defendant Sprint never made an appearance in that case. Most importantly, defendant Sprint was dismissed without prejudice. Plaintiff could have refiled his complaint against defendant Sprint. The court ruled that it did not have jurisdiction against the MDOC because only the Court of Claims has jurisdiction. This ruling has nothing to do with plaintiff's claim of lack of law library time. Plaintiff has failed to show that his case would not have been dismissed if he received additional law library time. The case was dismissed for lack of jurisdiction. Plaintiff has never established that the case was wrongfully dismissed. Accordingly, plaintiff cannot establish actual injury necessary to support an access to the courts claim.

In the opinion of the undersigned, defendants are entitled to qualified immunity from liability. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable

in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

> The Sixth Circuit has observed:
>
> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990) (a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983) (police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S.

226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). In the opinion of the undersigned, there exists no genuine issue of fact in this case because plaintiff cannot support any of his claims, and defendants are entitled to the defense of qualified immunity.

Accordingly, it is recommended that defendant's motion for summary judgment (Docket #32) be granted and this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated: February 7, 2008