UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L. DAVIS,

    Plaintiff,

v

ELLEN WOOD et al.,

    Defendants.

_____/

Case No. 5:06-cv-186

HON. JANET T. NEFF

## JUDGMENT

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss. The matter was referred to the Magistrate Judge, who treated the motion as a Motion for Summary Judgment and issued a Report and Recommendation, recommending that this Court grant defendants' motion. The matter is presently before the Court on plaintiff's eight objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections.

Plaintiff's first objection is that defendants failed to indicate the Federal Rule of Civil Procedure under which their motion was brought. Plaintiff's objection concerns an alleged flaw in defendants' motion, not any error in the Magistrate Judge's analysis. In any event, defendants' motion to dismiss was clearly based on their argument that plaintiff failed to state a claim for interference with access to the courts. *See* FED. R. CIV. P. 12(b)(6).

Second, plaintiff argues that the Magistrate Judge erred in failing to permit discovery. Plaintiff's argument is without merit. In April 2007, in light of defense counsel's representation that she would be filing a potentially dispositive motion, the Magistrate Judge granted defendants' Motion to Stay Discovery pending further order (Dkt 31). In his order, the Magistrate Judge instructed plaintiff to indicate in his response to the dispositive motion "what facts he believes might be revealed in discovery which will support his cause." In his response, plaintiff requested discovery of his medical and call-out records. Plaintiff asserted that discovery of these materials would indicate that neither his medical restrictions nor his work details precluded him from accessing the law library. Resp. at 6. Plaintiff also requested discovery of any and all grievances and civil complaints filed against defendant Wood, the prison librarian, in order to show that she has a history of denying prisoners access to the law library. *Id.* Because the Magistrate Judge determined, as a matter of law, that plaintiff did not have a right to access the courts to assert his personal injury claim, the Magistrate Judge properly declined to grant plaintiff's discovery requests.

Third, plaintiff argues that the Magistrate Judge erred in holding plaintiff's pleadings and documents to the strict standard of a formal document filed by a lawyer. Plaintiff's argument is without merit. On the first page of his response to defendants' motion (Dkt 42), plaintiff emphasized that the Magistrate Judge should hold his document to a less stringent standard, and there is no indication that the Magistrate Judge failed to liberally construe plaintiff's pro se documents.

Fourth, plaintiff argues that the Magistrate Judge erred in applying the summary judgment standard to defendants' Motion to Dismiss. Plaintiff's argument is without merit. As the Magistrate Judge noted in the Report and Recommendation, both sides asked the Court to consider evidentiary

materials beyond the pleadings, which necessitates review under FED. R. CIV. P. 56. *See* FED. R. CIV. P. 12(d).

Fifth, plaintiff argues that the Magistrate Judge erred in failing to provide plaintiff opportunity to amend his complaint. Plaintiff's argument is without merit. The Magistrate Judge determined as a matter of law that plaintiff did not have a right to access the courts to assert his personal injury claim; therefore, any amendment of his complaint would have been futile.

Sixth, plaintiff argues that the Magistrate Judge erred in concluding that defendants are entitled to qualified immunity. Plaintiff presented this argument to the Magistrate Judge in his rebuttal. Rebuttal at 9-15. Plaintiff's argument is without merit. Plaintiff has already briefed this issue, and the Magistrate Judge properly concluded that defendants are entitled to governmental immunity because their conduct in performing their discretionary functions did not violate established statutory or constitutional rights that a reasonable person would have known.

Seventh, plaintiff argues that the Magistrate Judge erred in his interpretation of MICH. CT. R. 2.105(K). Plaintiff's argument is without merit. Plaintiff presented this argument to the Magistrate Judge in his rebuttal. Rebuttal at 7-8. The Magistrate Judge reached a proper conclusion in this regard. MICH. CT. R. 2.105(K) specifically states that if the rule specifies "registered mail" this includes "certified mail." Even assuming, arguendo, that the Magistrate improperly interpreted this provision, plaintiff's claim was not dismissed as a result of improper service but for lack of jurisdiction.

Eighth, plaintiff argues that the Magistrate Judge erred in misinterpreting his claimed First Amendment right. Plaintiff argues that he has a constitutional right to "petition the government for redress of a grievance." Plaintiff's argument is misplaced. Plaintiff has misunderstood the

3

Magistrate Judge's decision. Plaintiff did have a constitutional right to file this prisoner 42 U.S.C. § 1983 action; however, as the Magistrate properly concluded, plaintiff did not have a constitutional right to access the courts to assert his personal injury claim.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 53) are DENIED and the Report and Recommendation (Dkt 52) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 32) is GRANTED and Judgment is entered against Plaintiff and in favor of Defendants.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date: September 25, 2008                     /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge